UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

7614 Fourth Real Estate Development, LLC,

                    Debtor.
-----------------------------------------------------------x

Chapter 11

Case No. 1:17-41671-cec

Hon. Carla E. Craig
United States Bankruptcy Judge

## APPLICATION FOR AN ORDER OF DISMISSAL

      Madison Acquisitions Group, LLC (the "Secured Creditor"), a secured mortgagee of the above-named debtor (the "Debtor"), and interested parties to this Chapter 11 case, by and through their attorneys, Kriss & Feuerstein LLP, respectfully move this Court for the entry of an Order dismissing the Debtor's case pursuant to 11 U.S.C. §§ 105(a) and 1112(b), and granting such other and further relief as this Court deems just and proper. In support thereof, the Secured Creditor respectfully represents as follows:

## PRELIMINARY STATEMENT

      1.      The Debtor's chapter 11 case was clearly commenced in bad faith and solely for the purpose of preventing the Secured Creditor, from exercising its right to foreclose a mortgage secured by the sole asset of the Debtor's estate, which is the Debtor's real property commonly known as 7614 4th Avenue, Brooklyn, New York 11209; Block: 5950, Lot: 47 (the "Property").[1]

      2.      In addition, it is apparent that the Debtor has no intention (or ability) to reorganize in Chapter 11, but rather has filed this case solely for the benefit of the automatic stay, which it has enjoyed since April 6, 2017 (the "Petition Date"), in furtherance of a former member of the Debtor's long-standing attempts to prevent the Secured Creditor from exercising its state law rights which derive from agreements related to prepetition loans made to the Debtor by way of the fact

---

[1] Upon information and belief the Property consists of unimproved land.

that the Debtor has failed to obtain counsel in this matter and/or has failed to file any of its required schedules at this late date.

3. As discussed in greater detail below, the instant filing represents the second bankruptcy filing affect the Property since May 11, 2012, which filing preceded numerous orders to show cause, litigation and appeals.

4. Accordingly, and for the reasons set forth below, the Secured Creditor respectfully requests that this Court enter an Order dismissing the Debtor's instant Chapter 11 filing.

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 & 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 1112(b) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules 1017, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Rules").

## BACKGROUND

**The Loan**

7. On or about March 20, 2008, the Debtor duly executed and delivered to Sterling Real Estate Holding Company, Inc. ("Sterling") that certain *Mortgage Note* (the "Note") evidencing a loan (the "Loan") in the principal amount of $3,530,000.00. A copy of the Note is annexed hereto as **Exhibit "A".**

8. To secure repayment of the indebtedness evidenced by the Note, on March 20, 2008, the Debtor contemporaneously made, executed and delivered that certain *Mortgage and Security Agreement and Consolidation, Extension and Modification Agreement* (the "Mortgage") in favor of Sterling, encumbering the Property, which was recorded in the Office of the City Register

of the City of New York, County of Kings (the "City Register") on March 31, 2008 under CRFN: 2008000127325, a copy of which is annexed hereto as **Exhibit "B".**

9. As additional security for the Note, Nizar Khoury ("Khoury") and Mousa Khalil ("Khalil" and together with Khoury, the "Guarantors") executed that certain *Guaranty of Payment*, dated March 20, 2008 ("Guaranty"), wherein the Guarantors agreed to, *inter alia*, guaranty the obligations and liabilities under the Mortgage. A copy of the Guaranty is annexed hereto as **Exhibit "C"**.

10. On or about January 5, 2009, the Debtor and Sterling entered into that certain *Mortgage Extension and Modification Agreement* (the "Extension"), providing for, among other things, an extension of the Maturity Date under the Loan through and including December 31, 2009 (the "Extended Maturity Date"). A copy of the Extension is annexed hereto as **Exhibit "D".**

11. Notwithstanding, the Debtor defaulted under the terms of the Note and Mortgage by failing to pay the amount which came due under the Note on December 31, 2009 and have failed to cure said default as of the date hereof (the "Default").

**The Assignment**

12. On or about March 29, 2010, the Mortgage was assigned by Sterling to the Secured Creditor as evidenced by an Assignment of Mortgage dated March 29, 2010 (the "Assignment"), which Assignment was recorded in the Office of the City Register on April 8, 2010 as CRFN 2010000118577. A copy of the Assignment is annexed hereto as **Exhibit "E"**.

**The Foreclosure Action**

13. As a result of the Default, and the Debtor's failure to cure same, on or about August 11, 2010, the Secured Creditor commenced an action to foreclose the Mortgage before the Supreme Court of the State of New York, County of Kings (the "State Court"), styled *Madison Acquisition Group, LLC v. 7614 Fourth Real Estate Development LLC, et. al*. under Index No. 19944/2010 (the "Foreclosure Action").

14. On or about September 30, 2010, the Debtor and Khoury, as a guarantor of the Loan, served an Answer through counsel asserting general denials of the allegations set forth in the complaint by the Secured Creditor as well as six affirmative defenses.

15. On or about November 10, 2010, the Secured Creditor moved the State Court for summary judgment and the appointment of a referee, which motion was resolved by the So-Ordered Stipulation dated October 7, 2011 (the "October 2011 Stipulation"), wherein the Secured Creditor, the Debtor, Khoury, and Urban Construction & Management, Inc. and Urban Engineering, PC (collectively, the "Urban Defendants") consented and agreed to the relief sought in the motion for summary judgment and various other terms. At the time that the October 2011 Stipulation was entered into, Khalil's interests in the Debtor had already been sold by way of the October 2011 Stipulation.

**Khoury Moves to Dissolve the Debtor and Assigned His Interest to 7416 LLC**

16. Prior to the aforesaid foreclosure proceedings were taking place, the Secured Creditor has come to learn that on or about June 23, 2010, Khoury, petitioned the State Court for the dissolution of the Debtor under Index No. 15602/2010 (the "Dissolution Action"), and as a result, by *Order and Judgment* dated June 14, 2011 (the "Dissolution Order"), the State Court directed that 7614 Fourth be dissolved and appointed a Referee to conduct a judicial sale of the Property.

17. The Secured Creditor has further discovered that in connection with the Dissolution Order, a judicial sale was held on September 8, 2011 (the "Dissolution Sale") and that Khoury was the successful bidder. However, a review of the New York City Register's Office ACRIS records, reveals that there has not been a deed recorded to reflect the transfer of the Property in connection with the Dissolution Sale. Moreover, it appears that the Debtor remains in "active" status with the New York State Department of State, as reflected by the Division of Corporations. Since that

time, the Secured Creditor has learned that Khoury has purported to assign all of his interest in the Property, and membership interest in the Debtor, and Khoury's successful bid at the Dissolution Sale to an entity known as 7614 LLC.

18.     On January 17, 2012, a Judgment of Foreclosure and Sale (the "Consent JFS") was entered in favor of the Secured Creditor by the State Court.   A copy of the Consent JFS is annexed hereto as **Exhibit "F"**.

19.     In connection therewith, on March 6, 2012, the Secured Creditor's counsel scheduled a foreclosure sale for April 19, 2012 (the "First Foreclosure Sale") and served a Notice of Sale upon all parties entitled to notice.

20.     However, a few hours before the First Foreclosure Sale, the offices of the undersigned were contacted by attorneys alleging to represent Khalil, who sought a three-week adjournment of the First Foreclosure Sale, in exchange for a payment to Khalil, and Khalil's agreement that he has no defenses to the Foreclosure Action and his waiver of any right to file an order to show cause to stay any future foreclosure sales.   The Secured Creditor acceded Khalil's request, and as a result, the First Foreclosure Sale was ultimately adjourned to June 28, 2012 (the "Second Foreclosure Sale").

**Khalil's Chapter 13 Filing**

21.     Notwithstanding, on May 11, 2012, Khalil filed a *pro se* petition for Chapter 13 bankruptcy relief before the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") under Case No.: 1:12-43460-cec, thereby staying the Second Foreclosure Sale.   Khalil's bankruptcy filing was dismissed by Order of this Court on July 2, 2012 pursuant to 11 U.S.C. §§ 503(b), 521, 1307(c), and 1326(a)(2), after Khalil failed to file any schedules or take other actions required of a Chapter 13 debtor.

22. Thereafter, a foreclosure sale was scheduled for September 13, 2012 at 2:30 p.m. (the "Third Foreclosure Sale").

23. At the Third Foreclosure Sale, the offices of the undersigned were served with an Order to Show Cause from counsel to Khalil, which included a Temporary Restraining Order enjoining the Third Foreclosure Sale (the "2012 OSC").  At a hearing on the 2012 OSC, the State Court vacated the Consent JFS, and the Secured Creditor appealed.

24. On or about November 20, 2013, the Appellate Division, Second Department reversed the State Court's order, and in connection therewith, the Secured Creditor duly noticed a foreclosure sale for December 19, 2013 (the "Fourth Foreclosure Sale").

25. On the eve of the Fourth Foreclosure Sale, Khalil again moved the State Court by Order to Show Cause (the "2013 OSC") for an injunction of the Fourth Foreclosure Sale, which resulted a second Order from the Appellate Division barring Khalil from relitigating claims made in connection with the 2013 OSC, and reinstating the Consent JFS.

26. Thereafter, the Secured Creditor duly noticed a foreclosure sale for April 6, 2017 (the "Eight Foreclosure Sale").

**The Instant Chapter 11 Filing**

27. On April 6, 2017, the eve of the Eighth Foreclosure Sale, the Debtor, which is a New York limited liability company, impermissibly filed its *pro se*, bare bones, petition for Chapter 11 relief.

28. Although all the Debtor's outstanding schedules were required to have been filed by or before April 20, 2017, as of the date hereof, none of the required schedules or other documents have been filed, which is prejudicial to the rights of the Debtor's creditors.

29. With the Petition, the Debtor has identified only five (5) creditors on its creditor list and creditor matrix, those creditors being (1) the Secured Creditor, (2) Khoury, (3) NYC

Environmental Control Board, (4) Urban Construction & Management, Inc. and (5) Paramount Concrete Structures, Inc. In addition, the Petition designates the Debtor to be Single Asset Real Estate.

30. An initial case management status conference is scheduled for May 9, 2017.

## THE APPLICATION

31. The Secured Creditor respectfully requests that this honorable Court enter an Order dismissing the Debtor's case pursuant to 11 U.S.C. §§ 105(a) and 1112(b), and granting such other and further relief as this Court deems just and proper.

## RESERVATION OF RIGHTS

32. The Secured Creditor expressly reserves its right to amend or supplement this Application, to introduce evidence supporting this Application at the hearing on the Application, and to file additional and supplemental objections as Secured Creditor deems advisable.

## NOTICE

33. Notice of this Application has been provided to the Office of the United States Trustee, the Debtor, counsel to the Debtor, the Debtor's known creditors, and those parties entitled to notice in this Chapter 11 case.   In light of the nature of the relief requested, the Secured Creditor submits that no other or further notices need be provided.

## NO PREVIOUS APPLICATION

34. No previous application for the relief requested herein has been made in this case, before this or any other court.

**WHEREFORE**, the Secured Creditor respectfully requests that this Court enter an Order dismissing the Debtor's case pursuant to 11 U.S.C. §§ 105(a) and 1112(b), and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
      April 24, 2017

                                          KRISS & FEUERSTEIN LLP
                                          *Attorneys for Madison Acquisitions Group, LLC*

                                  By:    *s/ Jason S. Leibowitz*
                                                Jerold C. Feuerstein, Esq.
                                                Jason S. Leibowitz, Esq.
                                                360 Lexington Avenue, Suite 1200
                                                New York, New York 10017
                                                (212) 661-2900